IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER R PERKINS, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | Civil Action |
| | § | Collective Action Complaint |
| v. | § § | Jury Demanded |
| TOTAL BUILDING MAINTENANCE, INC., MONICA Y. RIOS, AND NEIL CHOPRA | § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT – COLLECTIVE ACTION FOR UNPAID REGULAR WAGES AND OVERTIME**

Plaintiff Christopher R. Perkins ("Plaintiff") Individually and On Behalf of All Others Similarly Situated ("Plaintiff" and "Class Members" herein), brings this cause to recover unpaid regular wages and overtime wages from Defendants Total Building Maintenance, Inc., Monica Y. Rios, and Neil Chopra ("Defendants"), and respectfully shows the Court as follows:

**I.      Nature of Suit**

1.      Plaintiff was employed by Total Building Maintenance, a janitorial company located in Texas. Defendant Total Building Maintenance, through its only two officers, Monica Y. Rios and Neil Chopra, violated the Fair Labor Standards Act, 29 U.S.C. § 200 *et seq* by failing to compensate Plaintiff and other similarly situated persons for time spent in travel time between jobsites. Accordingly, Plaintiff brings this action to recover unpaid regular wages due, as well as overtime compensation that may be due, under

Section 216 of the FLSA. Defendants' violations were intentional.

## II.     The Parties

2. Plaintiff and Class Members are all of Defendants' current and former staff who were employed as Daytime Porters and Nighttime Supervisors, and worked for Total Building Maintenance, Inc., performing janitorial services in various types of businesses in Dallas County, such as office buildings, car dealerships, charitable businesses providing care and schooling for children, and many other types of businesses.

3. Defendant Total Building Maintenance, Inc. is a corporation organized under the laws of the State of Texas with its principal place of business located at 1204 Metrocrest Drive, Carrollton, Texas 75006-5735. Total Building Maintenance, Inc. can be served with process by serving its registered agent Monica Y. Rios at 2626 Lombardy Lane, Suite 101, Dallas, Texas 75220.

4. Defendant Monica Y. Rios, an individual, is the President of Total Building Maintenance, Inc. who resides in Texas, and whose primary place of business is located at 1204 Metrocrest Drive, Carrollton, Texas 75006-5735, and is an employer within the meaning of the FLSA, as discussed below. Defendant Rios may be served by serving her at 2626 Lombardy Lane, Suite 101, Dallas, Texas 75220, or wherever she may be found.

5. Defendant Neil Chopra, an individual, is the Chief Operations Officer of Total Building Maintenance, Inc. who resides in Texas, and whose primary place of business is located at 1204 Metrocrest Drive, Carrollton, Texas 75006-5735, and is an employer within the meaning of the FLSA, as discussed below. Defendant Chopra may be served by

serving him at 2100 Palomar Trail, Southlake, Texas 76092, or wherever he may be found.

Jurisdiction

6. The Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b).

7. Plaintiff's claims arise under Section 6(a), 7(a)(1), 15 and 16 of the FLSA. *See* 29 U.S.C. §§ 206(a), 207(a)(1), 215 and 216. At all material times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Individual coverage under the FLSA exists because, in connection with the acts and courses of conduct alleged herein, Plaintiff performed janitorial services in various types of businesses in Dallas County, including but not limited to offices in which interstate business was performed, car dealerships in which cars were shipped, received, and sold in the course of interstate business, and charitable businesses that provide care and schooling for children, as well as many other types of businesses involved in interstate commerce.

8. At all material times, Defendant Total Building Maintenance, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(r) of the FLSA. *See* 29 U.S.C. § 203(s)(1). At all relevant times, Total Building Maintenance, Inc. has employed two or more employees performing janitorial services in various types of businesses in Dallas County. These employees perform janitorial services in businesses engaged in interstate commerce, in car dealerships in which cars are bought, sold, and shipped in interstate commerce, in charitable businesses providing care and schooling for children, and in many other types of businesses engaged in interstate commerce.

Defendant Total Building Maintenance, Inc. is therefore engaged in commerce or in the production of goods for commerce, or have employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person. *See* 29 U.S.C. § 203(s)(1).

### III.     Venue

9.      Venue is appropriate in the United States District Court for the Northern District of Texas, Dallas Division, because Defendants have significant contacts with this district and the events that give rise to this cause of action occurred in this district.

### IV.     The Individual Defendants Are Covered by FLSA

10.     Defendants are employers within the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.     At all times relevant to Plaintiff's claims, Defendants Chopra and Rios were the only two officers of Total Building Maintenance.  The husband-wife pair constituted the entirety of the upper management of the company.  They shared the decision-making power that existed in the company regarding all aspects of the business.

12.     With regard to Monica Y. Rios:  As President of Total Building Maintenance, Inc., Ms. Rios acts directly and indirectly in the interest of Total Building Maintenance, Inc., and has economic and operational control over Total Building Maintenance, Inc. and its business in Texas. In relation to Plaintiff, Rios had, at all times, the right to hire or fire the Plaintiff, and to the extent any human resources functions existed, she performed them.  She maintained all records pertaining to Plaintiff employment and the records of other employees,

handled payroll, and was known by Plaintiff and all employees to be at least a half-owner of Total Building Maintenance and that she was (and is) integrally involved in the management and operation of Total Building Maintenance.  It was further understood by all employees that Rios had not only hiring and firing authority over the rank and file employees, but also over Defendant Chopra.

        13.      With regard to Neil Chopra:  As Chief Operations Officer of Total Building Maintenance, Inc., Mr. Chopra acts directly or indirectly in the interest of Total Building Maintenance, Inc., and has economic and operational control over Total Building Maintenance, Inc. and its business in Texas. In relation to Plaintiff, Neil Chopra trained and supervised Plaintiff, directed the Plaintiff in the details of his job, and at all times, had and exercised the authority to send Plaintiff to various job sites, unilaterally controlling Plaintiff's schedule as needed.  He evaluated the Plaintiff's performance as a janitor, meted out discipline when he deemed necessary, offered various incentives for performance, controlled the amount and frequency of Plaintiff's pay, and on many occasions personally called Plaintiff for special job assignments for which he promised premium payments (but frequently failed to pay). Plaintiff and all other employees knew that Neil Chopra was at least a one-half owner of Total Building Maintenance, and that he was integrally involved with and responsible for the day-to-day operations of Total Building Maintenance, including the direction and supervision of all janitorial service crews and personnel employed by Total Building Maintenance.  He directed all employees on daily procedures, including their clock-in and clock-out procedures and time reporting.

V.     Facts

14.     Total Building Maintenance, Inc. employs janitors to clean commercial offices and buildings, as described above. Plaintiff was employed by Total Building Maintenance, Inc. as a Daytime Porter and Nighttime Supervisor, and worked for Total Building Maintenance, Inc., performing janitorial services in various types of businesses in Dallas County, such as office buildings, car dealerships, charitable businesses providing care and schooling for children, and many other types of businesses.  He was employed by Total Building Maintenance, Inc. for a period of approximately a year, spanning from 2011 to June 2012.

15.     Some employees, such as Plaintiff, were required to travel on the interstate roadways from one jobsite to another during any given shift. The jobsites are located in a widespread area across Dallas County and Tarrant County.  In any one shift, an employee may be required to drive thirty minutes to one hour to reach the next jobsite.  There were often multiple job sites for each shift.

16.     Total Building Maintenance, Inc. pays most employees an hourly rate for hours worked.  Plaintiff was paid hourly.

17.     During the period of his employment, Total Building Maintenance, Inc. required Plaintiff and all other employees to attend a meeting on Friday afternoons.  This meeting was mandatory.  At this meeting, which was held weekly at the company headquarters in Carrollton, Texas, work assignments were distributed to the employees.  The Plaintiff personally attended these mandatory meetings.

18.     Plaintiff and other employees were expected to clock out immediately after the

mandatory meetings ended. After the mandatory meetings, they were expected to wait and receive assignments, then upon receiving assignments, drive their personal vehicles to the first job site of their shift. They were expressly instructed by Neil Chopra that they were not to charge for travel time. Instead, they were expected to clock in when they arrived at the job site. Plaintiff personally attended meetings, waited for assignments afterward, and then drove to job sites. He clocked in and out as instructed by Neil Chopra.

19. Plaintiff and other employees were entitled to pay for the travel time they spent going from one jobsite to another during the course of their shift. However, Defendants, through Chief Operations Officer Neil Chopra, knowingly and intentionally instructed the Plaintiff and others that they were not allowed to clock in until they arrived at a jobsite, in order to deprive them of pay owed to the Plaintiff and other employees. Plaintiff and other employees were thus not compensated for the hours of travel time he spent during work shifts.

20. No exemption excuses Defendants from paying Plaintiff for the regular rate of pay for the hours spent in travel from jobsite to jobsite during his shift.

21. No exemption excuses Defendants from paying Plaintiff for overtime that may have been accrued at a rate of time and one- half for the hours that he worked over forty (40) hours per week.

22. Defendants Rios and Chopra are the only officers of Total Building Maintenance, Inc. Together, they are the entire management of the business. There are no other officers or directors of the company. Neil Chopra would intentionally restrict Plaintiff and others from properly reporting all hours worked, and Monica Rios would issue paychecks that reflected the intentionally lower amounts to Plaintiff and others.

23. As business owners, Defendants are presumed to know the law that pertains to their business. Defendants knew, or should have known, that they were required to properly pay employees for all wages owed when overtime hours were worked. Additionally, Defendants have previously been sued for violating the FLSA.

24. Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully or with reckless disregard carried out their illegal pattern or practice of failing to pay for regular wages earned during mandatory company meetings, and for travel time between jobsites. Defendant Chopra would mandate to the employees that they under-report compensable time, and Defendant Rios would knowingly prepare payroll such that employees were not paid for regular and overtime pay.

25. Likewise, to the extent overtime was earned by the Plaintiff, and not compensated, Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully or with reckless disregard carried out their illegal pattern or practice of failing to pay time and a half for hours worked in excess of forty (40) hours per week.

### VI. Collective Action Allegations

26. Plaintiff has actual knowledge that Class Members have been denied both regular wages for compensable travel from jobsite to jobsite during a given shift, and overtime pay for hours worked over forty (40) hours in a week.

27. Defendants permit, and/or require Plaintiff and Class Members to regularly work without pay, sometimes in excess of forty (40) hours per week. Defendants have denied Plaintiff and Class Members compensation for their hours worked during mandatory

company meetings, and in required travel from jobsite to jobsite during a work shift, as well as for their weekly hours worked over forty (40).

28. Plaintiff and Class Members perform the same or similar work in the provision of services to Defendants' clients.

29. The Class Members are similar to Plaintiff in Defendants' refusal to pay them regular wages for time spent in compensable travel from jobsite to jobsite while on a single work shift, and in overtime pay when required to work over forty hours in a workweek.

30. Defendants' refusal to pay them regular wages for time spent in compensable travel from jobsite to jobsite while on a single work shift, and Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable polices or practices and does not depend on the personal circumstances of Plaintiff or the Class Members.

31. Plaintiff's experiences are typical of the experience of Class Members.

32. Class Members do not have specific job titles or hold a precise job that prevents collective treatment.

33. All Class Members, irrespective of their particular job requirements, are entitled to regular wages for time spent in attendance at mandatory company meetings, in compensable travel from jobsite to jobsite while on a single work shift, and overtime compensation for hours worked in excess of forty during a workweek.

34. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

35. As such, the class of similarly situated Plaintiff is properly defined as follows:

>All of Defendants' current and former cleaning employees working between August 2011 to the present.

## VII.    Causes of Action

**A.  Collective Action for Violation of FLSA—Failure to Pay Regular Wages**

36.    Plaintiff incorporates herein by reference all allegations contained in the above paragraphs.

37.    Defendants violated the provisions of Section 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing Plaintiff and Class Members for compensable labor, but without compensating them for their employment.

38.    Defendants affirmatively prevented Plaintiff and Class Members from keeping track of compensable time spent in compensable travel from jobsite to jobsite by instructing employees that they were not allowed to clock in for the meetings, and could only clock in once they arrived at a jobsite.  Plaintiff and Class Members were instructed to clock out when they had to travel between jobsites.  Defendants did this even though Plaintiff  and Class Members were  non-exempt employees for  overtime purposes as outlined under the FLSA.

39.    Plaintiff and Class members have been damaged by these violations of 29 U.S.C. 207(a).

40.    Defendants' violations of U.S.C. 207(a) were repeated, willful and intentional. Defendants violated the monetary provisions of the FLSA, as alleged herein and as a result, Plaintiff and Class Members are entitled to recover unpaid overtime compensation and an equal amountin liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

41.    Plaintiff and Class Members are also entitled to recover their reasonable attorneys' fees and costs of this action as, provided by Section 15 of the Act, 29 U.S.C. §

215(b).

## B.  Collective Action for Violation of FLSA—Failure to Pay Overtime Wages

42.  Plaintiff incorporates herein by reference all allegations contained in the above paragraphs.

43.  Defendants violated the provisions of Section 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing Plaintiff and Class Members for workweeks longer than 40 hours, without compensating them for their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

44.  Defendants did not adequately keep track of Plaintiff's and Class Members' work hours, even though Plaintiff and Class Members were non-exempt employees for overtime purposes as outlined under the FLSA.  Plaintiff and Class members have been damaged by these violations of 29 U.S.C.207(a).

45.  Defendants' violations of U.S.C. 207(a) were repeated, willful and intentional.

46.  Defendants violated the monetary provisions of the FLSA, as alleged herein and as a result, Plaintiff and Class Members are entitled to recover unpaid overtime compensation and an equal amount in liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

47.  Plaintiff and Class Members are also entitled to recover their reasonable attorneys' fees and costs of this action as, provided by Section 15 of the Act, 29 U.S.C. § 215(b).

### XIII.  Demand for Jury Trial

48.  Plaintiff asserts his right under the Seventh Amendment to the United States Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a

trial by jury on all issues.

## IX.     Prayer

49.     Wherefore, Plaintiff and Class Members respectfully request judgment to be entered in their favor and that the Court enter an order:

    a.    Finding Defendants liable for regular compensation found by the Court to be due Plaintiff and the Class Members;

    b.    Finding Defendants liable for overtime compensation found by the Court to be due Plaintiff and the Class Members;

    c.    Finding Defendants liable for an equal amount as liquidated damages;

    d.    Reasonable attorneys' fees, costs, and expenses of this action; and

    e.    Such other and further relief as may be allowed at law and in equity.

Respectfully submitted,

s/Marcie J. Schanfish
Marcie J. Schanfish
Texas Bar No. 24007206

Massengill Schanfish, PLLC
107 S. Preston Street
P.O. Box 217
Ennis, Texas 75120
Telephone: (972) 878-9105
Facsimile:  (972) 878-0554
E-mail: marcie@mslegalgroup.com

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on September 23, 2014, a true and correct copy of the foregoing pleading was served via email through the CM/ECF system of filing, which will transmit a Notice of Electronic Filing to the following counsel of record: Sean Urich and Angela Clanton Greene, at sean.urich@ogletreedeakins.com and angela.green@ogletreedeakins.com.

/s/ Marcie J. Schanfish
Marcie J. Schanfish