UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER R. PERKINS, | § | |
| Individually and on behalf of all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-2398-B |
| | § | |
| TOTAL BUILDING | § | |
| MAINTENANCE, INC., MONICA Y. | § | |
| RIOS, AND NEIL CHOPRA, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss (doc. 11) filed by Defendants Total Building

Maintenance, Inc., Monica Y. Rios, and Neil Chopra (collectively, "Defendants"). For the reasons

set forth below, Defendants' Motion is **DENIED**.

I.

BACKGROUND[1]

A.    *Factual Background*

Plaintiff Christopher R. Perkins brings this claim for regular and overtime wages pursuant to

the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") individually and on behalf of

all others similarly situated. Doc. 9, Amended Compl. 1. Plaintiff asserts that his employers,

Defendants Total Building Maintenance, Inc. ("Total Building Maintenance"), a janitorial company,

---

[1] The Court draws its factual account from the allegations contained in Plaintiff Christopher Perkins's First Amended Complaint (doc. 9), as well as from the attachments and documents incorporated therein by reference. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

as well as Monica Y. Rios, the President of the company, and Neil Chopra, the company's Chief Operations Officer, violated the FLSA by refusing to compensate their employees for the time they spent traveling from job site to job site and for their overtime work. *Id.* at 1–2, 7, 11.

Plaintiff alleges that he was employed by Total Building Maintenance for approximately one year, from 2011 to June 2012. *Id.* at 6. Plaintiff's duties included providing janitorial services for different businesses and organizations, and, as these venues were located across both Dallas and Tarrant Counties, he was required to travel from one job site to another during any given shift. *Id.* Therefore, Plaintiff explains, in any one shift working for Defendants, he could be required to drive thirty minutes to one hour between locations. *Id.* Though Plaintiff was paid an hourly rate, he claims that he was not compensated for this travel time, as Defendant Chopra instructed him to clock out after completing an assignment at a job site and clock in only when beginning a subsequent assignment at another location. *Id.* at 6–7, 10. Plaintiff asserts that Defendants, through Defendant Chopra, "knowingly and intentionally instructed the Plaintiff and others that they were not allowed to clock in until they arrived at a job site, in order to deprive them of pay owed to [them]." *Id.* at 7. In addition to not receiving compensation for the hours of travel time spent during shifts, Plaintiff further alleges that he was not compensated for the overtime hours he worked. *Id.* at 7–8, 10–11.

Plaintiff clarifies that, along with Defendant Total Building Maintenance, Defendants Rios and Chopra were also his employers, as they "constituted the entirety of the upper management of the company" and "shared the decision-making power that existed in the company regarding all aspects of the business." *Id.* at 4. Specifically, Plaintiff explains that Defendant Rios was known to have at least a one-half interest in Total Building Maintenance. *Id.* at 5. As President of the company, she acted "directly and indirectly in [its] interest" and "had economic and operational

control" over it. *Id.* at 4. Rios allegedly had the right to hire or fire not only Plaintiff and other employees, but also Defendant Chopra. *Id.* at 4–5. She further performed the company's human resources functions and maintained all employee records. *Id.* In addition, Plaintiff reports that Defendant Rios managed payroll and "issue[d] paychecks that reflected the intentionally lower amounts to Plaintiff and others." *Id.* at 5, 7.

With respect to Defendant Chopra, Plaintiff likewise asserts that, as Chief Operations Officer of Total Building Maintenance, he acted directly or indirectly in the interest of the company and had economic or operational control over its business. *Id.* at 5. Chopra allegedly trained and supervised Plaintiff, directed Plaintiff's actions regarding certain details of his work, exercised his authority to send Plaintiff to various job sites, and controlled Plaintiff's schedule. *Id.* Moreover, Plaintiff explains that Chopra evaluated his performance as a janitor, disciplining him when necessary and offering various incentives to improve his performance. *Id.* Chopra allegedly "controlled the amount and frequency of Plaintiff's pay" and on many occasions, personally called Plaintiff for special work assignments "for which he was promised premium payments." *Id.* In sum, Plaintiff contends that Chopra was "integrally involved with and responsible for the day-to-day operations of Total Building Maintenance, including the direction and supervision of all janitorial service crews and personnel employed by [the company]" and "directed all employees on daily procedures, including their clock-in and clock-out procedures and time reporting." *Id.* Lastly, as with regard to Defendant Rios, Plaintiff asserts that Defendant Chopra was known to have at least a one-half interest in Total Building Maintenance. *Id.*

Plaintiff thus brings this action against Defendants, asserting that they violated the FLSA by failing to compensate him for his employment and by failing to pay him time-and-a-half for hours he

worked in excess of forty. *Id.* at 10–11. These violations, according to Plaintiff, were repeated, willful, and intentional. *Id.* at 2, 10–11.

B.      *Procedural Background*

Plaintiff originally brought this action against Defendants on July 3, 2014. Doc. 1, Orig. Compl. 1. After Defendants moved to dismiss this complaint (doc. 6), Plaintiff filed his Amended Complaint (doc. 9) on September 23, 2014. Defendants filed the present Motion to Dismiss for Failure to State a Claim (doc. 11) on October 7, 2014, asserting that the applicable statute of limitations bars Plaintiff's claims and that, alternatively, all claims against the individual Defendants Rios and Chopra must be dismissed, as the allegations are insufficient to support these individuals' qualification as employers under the FLSA. Plaintiff submitted his Response (doc. 12) on October 28, 2014, to which Defendants replied (doc. 15) on November 11, 2014. As such, the Motion is now ripe for the Court's review.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be

- 4 -

granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

In their Motion to Dismiss, Defendants seek the dismissal of Plaintiff's claims for regular and overtime wages under the FLSA. Doc. 11, Defendants' Motion to Dismiss ("Defs.' Mot.") 2. Specifically, Defendants assert that Plaintiff's claims are barred by the applicable statute of limitations. *Id.* at 4. Alternatively, they argue that Plaintiff's Amended Complaint fails to provide sufficient facts indicating that the individual Defendants, Monica Rios and Neil Chopra, can be held liable as employers under the FLSA. *Id.* at 5. The Court addresses the parties' corresponding arguments, in turn, below.

A.      *Statute of Limitations*

Defendants move to dismiss Plaintiff's FLSA claims on the ground that they are barred by the statute's two-year limitations period. *Id.* at 4. Indeed, claims for violations of the FLSA are ordinarily subject to a two-year statute of limitations. 29 U.S.C. § 255(a). However, this limitations period is extended to three years for claims based on willful violations of the FLSA. *Id.* To prove willfulness and obtain the benefit of a three-year statute of limitations, an employee must establish that the employer "either knew or showed reckless disregard as to whether its conduct was prohibited by the [FLSA]." *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990).

Here, Defendants correctly observe that Plaintiff's employment ended in June of 2012. Defs.' Mot. 4 (citing Amended Compl. 6). Because Plaintiff did not initiate this lawsuit until July 3, 2014—more than two years after the end of his employment, and thus, more than two years after any wage violations could have occurred—Defendants contend that Plaintiff's claims are barred by the applicable statute of limitations. *Id.* (citing Orig. Compl.). Defendants note that Plaintiff "purports to bring a claim for willfulness that would extend the statute of limitations to three years," but they argue that he fails to assert any allegation "to suggest his right to relief in that regard." *Id.* Defendants maintain that the extension of the limitations period is not warranted, as Plaintiff offers merely conclusory assertions that the FLSA violations were willful. *Id.*

In his Response, Plaintiff insists that the three-year statute of limitations applies, emphasizing that he "has clearly and consistently alleged that the Defendants' violation of the FLSA as to him and others similarly situated was intentional and willful." Doc. 13, Plaintiff's Brief in Support of Response to Motion to Dismiss ("Pl.'s Br.") 3.

After reviewing Plaintiff's allegations and the related briefing, the Court concludes that Plaintiff's claims are not barred by the two-year statute of limitations. First, "[w]hile the court can consider a statute of limitations argument on a Rule 12(b)(6) motion to dismiss, such motion cannot be granted unless the limitations defense is clear on the face of the complaint." *Rice v. Interactive Learning Sys., Inc.*, No. 3:07-CV-0725-G, 2007 WL 2325202, at *2 (N.D. Tex. Aug. 10, 2007) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003), *cert. denied*, 540 U.S. 1161 (2004)). Even though the two-year limitations period would have expired at the end of June 2014, three days prior to Plaintiff's filing of his Original Complaint, he was not required to plead facts disproving any potential statute of limitations defense Defendants may have raised. *See id.* (stating that "there is no affirmative duty on the plaintiffs to plead facts in their complaint necessary to defeat a statute of limitations defense."). Thus, the court in *Rice* declined to grant a motion to dismiss under Rule 12(b)(6) based on plaintiffs' omission of facts regarding the time frame of the alleged FLSA violations, noting that "[d]iscovery may demonstrate that the alleged actions occurred outside the applicable period of limitations," but that "such a possibility does not change the prematurity of the instant motion." *Id.* at n.2. Similarly, in the present case, Plaintiff was not required to allege facts in his Amended Complaint that would preemptively address Defendants' statute of limitations defense.

Nonetheless, the Court notes that Plaintiff's Amended Complaint does provide ample factual allegations that Defendants' violations were willful, which, if true, would support the extension of the limitations period to three years. Plaintiff insists that Defendants intentionally instructed him and other employees to refrain from clocking in while traveling between job sites, and he further alleges that Defendants knew that their actions violated the FLSA's provisions. Amended Compl. 2, 10–11. As the issue of willfulness raised by Plaintiff contains a question of fact that cannot be resolved at this

stage in the proceedings, Defendants' Motion to Dismiss is premature in asserting that such

allegations are conclusory and cannot support a finding of willfulness. *See Craven v. Excel Staffing*

*Serv., Inc.*, No. H-12-2860, 2014 WL 345682, at *8 (S.D. Tex. Jan. 30, 2014) (finding that the issue

of whether Defendants willfully violated the FLSA contained questions of fact and concluding that

"at this pleading stage prior to discovery the motion to dismiss . . . is premature."). Accordingly,

Defendants' Motion to Dismiss Plaintiff's claims based on the expiration of the limitations period is

**DENIED**.

B.      *Claims Against the Individual Defendants*

        Defendants further contend that Plaintiff's Amended Complaint does not allege sufficient

facts to support Plaintiff's claim that the individual Defendants can be held liable as employers under

the FLSA. Defs.' Br. 5. In order "[t]o be bound by the requirements of the Fair Labor Standards Act,

one must be an 'employer.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984) (citing

29 U.S.C. §§ 206–07). Under the FLSA, the term "employer" "includes any person acting directly

or indirectly in the interest of an employer in relation to an employee." *Lee v. Coahoma Cnty.*, 937

F.2d 220, 226 (5th Cir. 1991) (quoting 29 U.S.C. § 203(d)). The Supreme Court has determined

that the FLSA's definition of "employer" is to be interpreted expansively. *Falk v. Brennan,* 414 U.S.

190, 195 (1973). Thus, "[t]he term employer includes individuals with managerial responsibilities

and 'substantial control over the terms and conditions of the [employee's] work.'" *Lee*, 937 F.2d at

226 (quoting *Falk*, 414 U.S. at 195).

        The Fifth Circuit uses the "economic reality" test to evaluate whether an individual or entity

possesses such operational control with respect to the employment relationship. *Gray v. Powers*, 673

F.3d 352, 354, 357 (5th Cir. 2012). In applying this test, courts are to consider whether the alleged

employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 355 (citations omitted). "While each element need not be present in every case," the individual must have control over at least certain aspects of the employment relationship. *Id.* at 357 ("While the Fifth Circuit 'has on several occasions found employment status even though the defendant-employer had no control over certain aspects of the relationship,' it does not follow that someone who does not control any aspect of the employment relationship is an employer."). Moreover, "[i]n cases where there may be more than one employer, th[e] court 'must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test.'" *Kaminski v. BWW Sugar Land Partners*, No. H-10-551, 2010 WL 4817057, at *2 (S.D. Tex. Nov. 19, 2010) (quoting *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990)).

After careful review of Plaintiff's allegations specifically relating to each of the individual Defendants, the Court finds that they are sufficient to support an inference that both Defendant Rios and Defendant Chopra qualify as employers under the FLSA. Contrary to what Defendants contend, Plaintiff provides far more than conclusory assertions indicating the individual Defendants' employer status. Defs.' Mot. 7. With respect to Defendant Rios, Plaintiff describes the functions she performed as President of Total Building Maintenance, including hiring and firing employees, maintaining employee records, handling payroll, and managing human resources issues. Amended Compl. 4–5. Moreover, Plaintiff alleges that Defendant Rios, along with Defendant Chopra, managed and exercised control over the company, as they were its only officers and the only individuals with upper management authority. *Id.* at 4, 7. Though many of these assertions trace the factors to be considered

in applying the economic reality test, they are not offered as mere conclusions of Defendant Rios's employer status, but are rather supported by factual allegations detailing that Rios "issue[d] paychecks that reflected the intentionally lower amounts to Plaintiff and others" and noting her ability to hire and fire not only employees such as Plaintiff, but also Defendant Chopra. Amended Compl. 5, 7. Thus, taken as a whole, Plaintiff's allegations are sufficient to support a reasonable inference that Defendant Rios is an employer under the FLSA, as they depict her as the President of Total Building Maintenance who made a substantial part of the decisions affecting both the company and its employees. *See Baricuatro v. Indus. Personnel & Mgmt. Servs., Inc.*, No. 11-2777, 2012 WL 5302418, at *5 (E.D. La. Oct. 25, 2012) (finding that individual defendant qualified as employer where plaintiff, even though reciting the elements of the economic realities test, also provided sufficient facts of individual defendant's involvement in hiring decisions, response to plaintiff's complaints, and enforcement of plaintiff's work schedule). Plaintiff's allegations distinguish Defendant Rios from mere supervisors who oversee employees and retain a certain level of authority but who do not exercise the control necessary to render them employers susceptible to liability under the FLSA. *Cf. Rudy v. Consol. Restaurant Cos.*, No. 3:08-CV-0904-L (BF), 2010 WL 3565418, at *7–8 (N.D. Tex. Aug. 18, 2010) (finding that maître d's who performed clerical and managerial functions and interviewed employees but did not exercise control over their hiring, firing, or rate of pay and did not maintain employees' records were "low-level supervisors who were not responsible for FLSA compliance and thus were not employers under the FLSA."). In sum, Plaintiff's assertions, when taken as true, reflect an economic reality in which Defendant Rios maintained extensive "managerial responsibilities and 'substantial control over the terms and conditions of the

[employee's] work,'" thus warranting her classification as an employer under the FLSA. *Lee*, 937 F.2d at 226 (quoting *Falk*, 414 U.S. at 195).

Turning to Defendant Chopra's status under the FLSA, the Court finds that Plaintiff has offered ample factual descriptions supporting an inference that he exercised control over several aspects of Plaintiff's employment. In addition to sharing decision-making power with Defendant Rios, Defendant Chopra, as Total Building Maintenance's Chief Operations Officer, trained and supervised Plaintiff, provided him with work assignments, evaluated and disciplined him, and "controlled the amount and frequency of [his] pay." Amended Compl. 4–5, 7. Moreover, it was allegedly Defendant Chopra who instructed Plaintiff and other employees on the manner in which they were to clock in and out, ordering them to refrain from clocking in while driving from one job site to another. *Id.* at 7. The pervasive control which Defendant Chopra allegedly exercised over a broad range of aspects of the employer-employee relationship is sufficient to support an inference that he qualifies as an employer under the FLSA.

Based on the foregoing reasons, the Court finds that Plaintiff has alleged sufficient facts indicating that he had an employer-employee relationship with both Defendant Monica Rios and Defendant Neil Chopra. Accordingly, Defendants' Motion to Dismiss Plaintiff's claims on this ground is **DENIED**.

## IV.

## CONCLUSION

For the reasons stated above, the Court determines that the statute of limitations does not bar Plaintiff's claims and that Plaintiff's Amended Complaint supports an inference that the

individual Defendants Monica Rios and Neil Chopra qualify as employers under the FLSA.

Accordingly, Defendants' Motion to Dismiss (doc. 11) is hereby **DENIED**.


       SO ORDERED.

       SIGNED: April 7, 2015.


                                       JANE J. BOYLE
                                       UNITED STATES DISTRICT JUDGE